**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JACOB I. LEIFER, individually and on behalf of all other similarly situated,<br><br>Plaintiff(s)<br><br>-against-<br><br>UNITED COLLECTION BUREAU, INC.<br><br>Defendant(s) | Civil Case No.:<br>1:19-cv-03926-FB-LB |

**DEFENDANT UNITED COLLECTION BUREAU, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11, 28 U.S.C. §1927, 15 U.S.C. §1692k(a)(3)**

Lori J. Quinn, Esq.
**GORDON REES SCULLY MANSUKHANI**
One Battery Park Plaza, 28th Floor
New York, NY 10004
Tel: (212) 269-5500
Fax: (212) 269-5505
E-mail: ljquinn@grsm.com
*Attorneys For Defendant*
*United Collection Bureau, Inc.*

Dated:  April 13, 2020

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION .................................................................................................. 1

II. FACTS AND PROCEDURAL HISTORY .......................................................... 1

III. ARGUMENT ........................................................................................................ 3

    A. An Award of Sanctions, Fees and Costs is Warranted Pursuant to Fed. R. Civ. P. 11.................................................................................................... 3

    B. An Award of Sanctions, Fees and Costs is Warranted Pursuant to 28 U.S.C. §1927............................................................................................... 4

    C. An Award of Sanctions, Fees and Costs is Warranted Pursuant to 15 U.S.C. §1692k(a)(3)................................................................................... 4

IV. CONCLUSION...................................................................................................... 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amaprop Ltd. v. Indiabulls Fin. Servs. Ltd.*,
   483 F. App'x 634 (2d Cir. 2012) ................................................................................................ 5

*Cameau v. Nat'l Recovery Agency, Inc.*,
   2018 U.S. Dist. LEXIS 132993 (E.D.N.Y. Aug. 6, 2018) .......................................................... 3

*Chambers v. NASCO, Inc.*,
   501 U.S. 32 (1991) ..................................................................................................................... 5

*Martin v. Giordano*,
   No. 11-CV-4507 (ARR)(JO), 2016 U.S. Dist. LEXIS 61007 (E.D.N.Y. May 9, 2016) ............ 5

*Ransmeirer v. Mariani*,
   718 F.3d 68 (2d Cir. 2013) ......................................................................................................... 5

**Statutes**

15 U.S.C. § 1692 ........................................................................................................................ 4, 5

15 U.S.C. § 1692e .......................................................................................................................... 3

15 U.S.C. § 1692e(10) ................................................................................................................... 3

15 U.S.C. § 1692k ..................................................................................................................... 4, 6

15 U.S.C. § 1692k(a)(3) ................................................................................................. 1, 3, 4, 5, 6

15 U.S.C. § 1927 ............................................................................................................................ 4

28 U.S.C. § 1927 ............................................................................................................... 1, 3, 4, 6

**Rules**

Fed. R. Civ. P. 11 ................................................................................................................. 1, 3, 6

**Regulations**

James William Moore, et al., *Moore's Federal Practice*, Judicial Code Title 28, U.S.C.
   §1927.2[3] (2012) ...................................................................................................................... 4

Defendant United Collection Bureau, Inc. ("UCB"), by and through its undersigned counsel, Gordon Rees Scully Mansukhani, respectfully submits this Memorandum of Law in Support of its Motion to Sanctions, costs and fees pursuant to FED. R. CIV. P. 11, 28 U.S.C. §1927, 15 U.S.C. §1692k(a)(3) and the Court's inherent authority sanctioning Plaintiff and his counsel, or in the alternative, sanctioning counsel for bringing and maintaining the instant action in bad faith and for the purpose of harassment, award UCB its full fees and costs incurred in defending this action.

## I.  INTRODUCTION

Sanctions are warranted under FED. R. CIV. P. 11, 28 U.S.C. §1927, 15 U.S.C. §1692k(a)(3).

## II.  FACTS AND PROCEDURAL HISTORY

Plaintiff filed his Complaint on July 8, 2019 (the "Complaint"), alleging that UCB's August 3, 2018 sent to Plaintiff, on behalf of Chase Bank USA, N.A. ("CHASE") was misleading. *See generally* Declaration of Lori J. Quinn ("Quinn Decl."), Ex. A. ("Compl."). Specifically, Plaintiff claims the least sophisticated consumer would be confused by the three Settlement Offers each of which provide instructions for payment. *See id.* Plaintiff alleges under Count I that "the Letter fails to state whether the payment must be sent by the consumer, or received by the Defendant, by the stated deadline." *See* Compl. ¶ 43.

Plaintiff further alleges under Count II that "the Letter fails to state whether the payment must be mailed to the [5620 Southwyck Blvd] address or the [PO Box 1418] address." *See* Compl., ¶ 60. Plaintiff concludes that UCB's Letter violates the FDCPA because is open to more than one reasonable interpretation, one of which is inaccurate. *See* Compl., ¶¶ 47, 63.

Prior to receiving the Letter, Plaintiff incurred a debt from the original creditor, CHASE, with an account number ending in *8112 (the "Debt"). *See* Compl., ¶¶ 25-26, Ex. A. Plaintiff's account went into default due to plaintiff falling behind on his payments. S*ee* Compl., ¶ 30. CHASE charged-off the Debt and placed it with UCB for collection purposes. *See* Compl., ¶ 29-

1

31. UCB sent the Letter dated August 3, 2018 to Plaintiff, notifying him that he owed an outstanding balance of $18,053.31. *See* Compl., Ex. A. The Complaint does not allege that the Letter was UCB's initial communication with Plaintiff. *See generally,* Compl.

In relevant part, the Letter conveyed the three settlement offers to Plaintiff. Each settlement offer provided the following instructions for payment:

> 1. Settlement Offer Number 9676032 - Single Payment Offer.
>    Total Settlement Amount $9,026.66.
>
> United Collection Bureau, Inc. will accept the settlement amount stated for Settlement Offer Number 9676032 in the event that you pay $9,026.66 by August 21, 2018. This settlement offer will save you the sum of $9,026.65. We are not obligated to renew this offer.
>
> 2. Settlement Offer Number 9676033 - Multiple Payment Offer Over two months.
>    Total Settlement Amount $9,929.32.
>
> United Collection Bureau, Inc. will accept the settlement amount stated for Settlement Offer Number 9676033 in the event that you pay $4,964.66 by the 21st of this month, and pay one additional payment of $4,964.66 by the 21st calendar day of next month. This settlement offer will save you the sum of $8,123.99. We are not obligated to renew this offer.
>
> 3. Settlement Offer Number 9676034 - Multiple Payment Offer Over six months.
>    Total Settlement Amount $10,831.99.
>
> United Collection Bureau, Inc. will accept the settlement amount stated for Settlement Offer Number 9676034 in the event you pay $1,805.34 by the 21st of this month, and pay five additional payments of $1,805.33 by the 21st calendar day of each of the next five months. This settlement offer will save you the sum of $7,221.32. We are not obligated to renew this offer.
>
> If you wish to accept any of these offers, please contact our office to establish a payment method and date, or dates, or mail a copy of this letter together with your payment, or payments, to the below payment address . . . ***All offers are contingent upon clearance of funds.***

*See* Compl, Ex. A (emphasis added).

In addition, in the paragraph directly following the three offer terms, the letter explicitly stated "All offers are contingent upon clearance of funds." *See* Compl, Ex. A. Further, the letter contained a payment slip, which instructed plaintiff to return the payment slip portion with payment and provided the following phrase: "***PLEASE RETURN THIS PORTION WITH PAYMENT***" and "**REMIT TO:**" as follows:

> UNITED COLLECTION BUREAU, INC.
> PO BOX 1418
> MAUMEE OH 43537

The only other address on the payment slip is the identical PO Box address.

Plaintiff proffers the argument that an address located on the back of the Letter lends to plaintiff's confusion. This is baseless as the address located on the back of the letter is proceeded by clear instructions to plaintiff directing him to mail UCB's *Compliance Department Address*, 5620 Southwyck Blvd., only if Plaintiff had "a concern about the way [UCB was] collecting this debt." *See* Compl., Ex. A.

### III. ARGUMENT

UCB respectfully requests an award of sanctions and its fees and costs pursuant to FED. R. CIV. P. 11, 28 U.S.C. §1927, 15 U.S.C. §1692k(a)(3) and the Court's inherent authority due to Plaintiff's and his counsel's objective unreasonableness, bad faith, and vexatious conduct.

**A. An Award of Sanctions, Fees and Costs is Warranted Pursuant to FED. R. CIV. P. 11**

To avoid sanctions under Rule 11 of the Federal Rules of Civil Procedure, counsel has a duty to "undertake a reasonable inquiry to ensure that papers filed are well grounded in fact, legally tenable, and not interposed for any improper purpose." *Cameau v. Nat'l Recovery Agency, Inc.*, 2018 U.S. Dist. LEXIS 132993, *18 (E.D.N.Y. Aug. 6, 2018). When "an attorney or party declines to withdraw a claim 'upon an express request by his or her adversary after learning that [the claim] was groundless'" sanctions are appropriate. *Id*. at *19.

Here, Defendant demanded Plaintiff voluntarily dismiss his Complaint as it failed to show any violation under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e or 15 U.S.C. §1692e(10). Plaintiff refused replying with a verbal dismissal directed at a Gordon Rees partner assigned to the matter. A second informal exchange with plaintiff seeking a voluntary dismissal pointing out the recent *Solovyova v UCB* litigation where Judge Dearie dismissed the litigation involving UCB and a similar settlement letter and cautioned plaintiffs "…UCB's

3

counsel's frustration is indeed understandable, and his application [for sanctions] offers a tempting option to this Court, which is not infrequently confronted by very similar cases that, at best, only marginally pass Rule 12 muster…" *See* Quinn Decl., Ex. 2 ("*Solovyova* Opinion"). Notably, Judge Dearie advised plaintiff's counsel that UCB would have been entitled to costs and fees. *See Solovyova* Opinion. Despite the clear and unequivocal evidence that Plaintiff's Complaint fails to state a cause of action, to wit, there was no violation of FDCPA Section 1692, et seq., plaintiff has chosen to continue the litigation including pending motion practice causing UCB to expend a significant amount of time and fees and costs, in defending this action. As such, sanctions against Plaintiff and his counsel are necessary not only to address the actions in this case, but also to put counsel on notice that these sorts of actions will not be tolerated in the future.

### B. An Award of Sanctions, Fees and Costs is Warranted Pursuant to 28 U.S.C. §1927

Section 1927 of Title 28 of the United States Code provides for the recovery of fees and costs from "[a]ny attorney…who so multiplies the proceedings in any case unreasonably and vexatious [that he] may be required by the court to satisfy personally" those costs "reasonably incurred because of such conduct." 28 U.S.C. §1927. Sanctions under Section 1927 are "designed primarily to punish the offending attorney and to deter the repetition of the sanctionable conduct." James William Moore, et al., *Moore's Federal Practice*, Judicial Code Title 28, U.S.C. §1927.2[3] (2012).

### C. An Award of Sanctions, Fees and Costs is Warranted Pursuant to 15 U.S.C. §1692k(a)(3)

UCB seeks an award from this Court under 15 U.S.C. §1692k of the Fair Debt Collection Practices Act; 15 U.S.C. §1927 and pursuant to the Court's Inherent Authority.

As discussed and more thoroughly argued in UCB's Memorandum of Law in Support of its Motion to Dismiss with referenced Exhibits, Plaintiff fails to state a claim under the FDCPA and, as such, sanctions and the award of defendant's attorney's fees and costs against plaintiff's counsel are warranted. (ECF Doc. 19).

The FDCPA provides that "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). UCB submits there can be no better example of bad faith than an attorney who files and continues a case against the same defendant and in spite of another Federal Court Judge's warning to refrain from such conduct.

The Court may exercise its inherent authority to sanction an attorney for a variety of bad faith, vexatious, wanton or oppressive conduct. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-50 (1991); *Ransmeirer v. Mariani*, 718 F.3d 68, 68 (2d Cir. 2013); *Martin v. Giordano*, No. 11-CV-4507 (ARR)(JO), 2016 U.S. Dist. LEXIS 61007, at *37 (E.D.N.Y. May 9, 2016). A Court can impose sanctions for conduct leading up to litigation and for commencing a frivolous lawsuit. *See, e.g., Amaprop Ltd. v. Indiabulls Fin. Servs. Ltd.*, 483 F. App'x 634, 635 (2d Cir. 2012). The Court's inherent authority is not repealed or modified by statute or rule, and can be used in conjunction with other statutes and rules to impose sanctions. *Chambers*, 501 U.S. at 48-49.

Here, it is clear that that Plaintiff's Complaint fails to state a cause of action, to wit, there was no violation of FDCPA Section 1692, et seq.

**IV.    CONCLUSION**

UCB has clearly demonstrated the bad faith conduct from the inception of this litigation and through the course of this litigation that warrants the issuance of sanctions and the award of

5

attorney's fees and costs to UCB pursuant to pursuant to FED. R. CIV. P. 11, 28 U.S.C. §1927, 15 U.S.C. §1692k(a)(3) and the Court's inherent authority.

At minimum, UCB's motion for attorney's fees and costs pursuant to 15 U.S.C. §1692k should be granted as the facts clearly support the relief sought under the statute since the maintaining of this action was harassing and vexatious.

**WHEREFORE**, United Collection Bureau, Inc. respectfully requests the Court grant its motion for sanctions, costs and fees pursuant to FED. R. CIV. P. 11, 28 U.S.C. §1927, 15 U.S.C. §1692k(a)(3) and he Court's inherent authority sanctioning Plaintiff and his counsel, or in the alternative, sanctioning counsel for bringing and maintaining the instant action in bad faith and for the purpose of harassment, award UCB its full fees and costs incurred in defending this action..

Respectfully submitted,

*(signature)*
Lori J. Quinn
Gordon Rees Scully Mansukhani
*Attorneys for Defendant,*
  *United Collection Bureau, Inc.*