UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
JACOB I. LEIFER, individually and on
behalf of all others similarly situated,

                 Plaintiff,

   -against-

UNITED COLLECTION BUREAU,
INC.,

                 Defendant.
-------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:19-cv-03926-FB-LB

*Appearances:*
*For the Plaintiff*:
JONATHAN M. CADER, ESQ.
DAVID M. BARSHAY, ESQ.
Barshay Sanders PLLC
100 Garden City Plaza, Suite 500
Garden City, NY 11530

*For the Defendant*:
LORI J. QUINN, ESQ.
R. ANDREW SCOTT, ESQ.
Gordon & Rees LLP
One Battery Park Plaza, 28th Floor
New York, NY 10004

**BLOCK, Senior District Judge:**

      Plaintiff Jacob Leifer alleges that Defendant United Collection Bureau, Inc. ("United Collection") sent him a "false, deceptive, or misleading representation" in violation of the Fair Debt Collection Practices Act ("FDCPA"), codified at 15 U.S.C. § 1692e and 1692e(10). Defendant United Collection moves to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. United Collection also moves for sanctions under Rule 11, as well as fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) and 28 U.S.C. § 1927. For the reasons set forth

1

below, defendant's motion to dismiss for failure to state a claim should be granted. Defendant's motion for costs, fees, and Rule 11 sanctions should be denied, but the law firm of Barshay Sanders, PLLC is warned that frivolous litigation may lead to the imposition of sanctions in the future.

## I.

United Collection sent Mr. Leifer a letter offering to settle his outstanding balance of $18,053.31 for less than the full amount owed. Three settlement offers were conveyed:

1. Settlement offer number []6032 – Single Payment Offer.
   Total Settlement Amount $9,026.66.

   United Collection Bureau, Inc. will accept the settlement amount stated for Settlement Offer Number []6032 in the event that payment for the full settlement amount of $9,026.66 is received by August 21, 2018. This settlement offer will save you the sum of $9,026.65. We are not obligated to renew this offer.

2. Settlement Offer Number []6033 – Multiple Payment Offer Over two months.
   Total Settlement Amount $9,929.32.

   United Collection Bureau, Inc., will accept the settlement amount stated for Settlement Offer Number []6033 in the event that you pay $4,964.66 by the 21st of this month, and pay one additional payment of $4,964.66 by the 21st calendar day of next month. This settlement offer will save you the sum of $8,123.99. We are not obligated to renew this offer.

3. Settlement Offer Number []6034 – Multiple Payment Offer Over six months.
   Total Settlement Amount $10,831.99.

> United Collection Bureau, Inc. will accept the settlement amount stated for Settlement Offer Number []6034 in the event you pay $1,805.34 by the 21st of this month, and pay five additional payments of $1,805.33 by the 21st calendar day of each of the next five months. This settlement offer will save you the sum of $7,221.32. We are not obligated to renew this offer.
>
> If you wish to accept any of these offers, please contact our office to establish a payment method and date, or dates, or mail a copy of this letter together with your payment, or payments, to the below payment address. If you choose to mail your payment or payments, please ensure you write the 7 digit settlement offer number for the offer you have chosen and your reference number []9139, on the memo line of your payment instrument or instruments. You may pay any offered settlement on an accelerated basis. All offers are contingent upon clearance of funds.
>
> In the event that you are unable to accept any of these offers, we encourage you to contact our office to establish a payment arrangement toward the full balance of the account. Thank you for your cooperation and prompt attention to this matter.
>
> To make an easy one-time payment online, please go to: www.ucbinc.com, click on 'Make a Payment,' and follow the prompts.

Letter from United Collection to Jacob Leifer ("Collection Letter"), Complaint at 9, ECF No. 1.

The defendant's name, office address, and website appear at the top of the letter. At the bottom of the letter, next to a caption reading "please return this portion with payment," a PO Box address is listed under the words "remit to." *Id*.

## II.

To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

3

544, 547 (2007); *Bacon v. Phelps*, 961 F.3d 533, 540 (2d Cir. 2020). The pleading must offer more than "bare assertions," "conclusory" allegations, and a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555).

A complaint is "deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." *Sierra Club v. Con-Strux, LLC*, 911 F.3d 85, 88 (2d Cir. 2018) (*quoting Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004)).

The FDCPA states,

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: ... (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(10).

In deciding whether a collection notice violates § 1692e, the Second Circuit has made clear that the inquiry should be "guided by two principles of statutory construction." *Taylor v. Fin. Recovery Servs., Inc.*, 886 F.3d 212, 213-14 (2d Cir. 2018) (*citing Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 75 (2d Cir. 2016)). "The first principle is that the FDCPA must be construed liberally to effectuate its

stated purpose—i.e., 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Taylor*, 886 F.3d at 213-14 (*citing* 15 U.S.C. § 1692(e)). "The second principle is that collection notices are to be looked at from the perspective of the 'least sophisticated consumer'" meaning "we ask how the least sophisticated consumer—one not having the astuteness of a Philadelphia lawyer or even the sophistication of the average, everyday, common consumer—would understand the collection notice." *Id*. at 214 (*citing Avila*, 817 F.3d at 75).

Plaintiff advances two principal arguments about the collection letter. First, that "it fails to inform the recipient as to whether the payment must be sent by the consumer or received by Defendant by the date specified." Compl. ¶ 43, ECF No. 1. Second, that it "fails to state whether the payment must be mailed to the first address or the second address." Compl. ¶ 60, ECF No. 1.

The Court joins its colleagues, Judges Dearie and Ross, in holding that the first argument fails to state a claim for relief because (1) when the letter is considered in its entirety even the least sophisticated consumer is left with just one reasonable interpretation and (2) the perceived defect is not material. *See Solovyova v. United Collection Bureau, Inc.*, No. 19-CV-2995-RJD-ST, 2019 WL 7038429 (E.D.N.Y.

Dec. 20, 2019); *Perdomo v. Firstsource Advantage, LLC*, No. 19-CV-03546-ARR-SJB, 2019 WL 4085255 (E.D.N.Y. Aug. 28, 2019).

Here, the letter states that the settlement amount will be accepted if it "is received by August 21, 2018" or, under the alternate offers, by "the 21st of this month."[1] Collection Letter, ECF No. 1. A few lines later, the letter specifies that "[a]ll offers are contingent upon clearance of funds." *Id*.

As Judge Dearie explained in *Solovyova*, "[i]t is assumed that even the least sophisticated consumer will read a debt collection letter in its entirety." 2019 WL 7038429, at *2 (*citing Weber v. Computer Credit, Inc.*, 259 F.R.D. 33, 38 (E.D.N.Y. 2009)). "With this language, the Collection Letter explains that the timeliness of the payment is measured from the date of the Defendant's 'receipt' of the settlement amount" and, in this case, clearance of funds. *Id*. As in *Solovyova*, the letter sufficiently communicates what the recipient must do before the relevant deadline.

In *Perdomo*, Judge Ross discussed the Second Circuit's decision in *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 85 (2d Cir. 2018), which held that § 1692e includes a materiality requirement. "An ambiguity that, in the worst-case scenario, would lead a consumer to mail her payment a few days earlier than necessary does not rise to the level of a materially misleading statement." *Perdomo*, 2019 WL 4085255, at *2. Since the perceived ambiguity in this case would only

---

[1] The letter is dated August 3, 2018.

cause Mr. Leifer to transmit payment slightly early, he has failed to establish materiality.

Plaintiff's argument concerning multiple addresses in the letter also fails. Even the least sophisticated consumer would have no trouble determining that they should send or "remit payment" to the PO Box address as clearly instructed in the letter. No consumer would believe they should send payment to themselves, even though the consumer's own address is listed on the letter. Nor is the defendant's corporate address at the top of the letter confusing to the least sophisticated consumer. *See Park v. Forster & Garbus, LLP*, No. 19-CV-3621-ARR-ST, 2019 WL 5895703, at *6 (E.D.N.Y. Nov. 12, 2019) (finding "the presence of multiple addresses" does not "render[] the letter deceptive or misleading"); *Jacobs v. AllianceOne Receivables Mgmt., Inc.*, No. 19-CV-3447-JMA-ARL, 2020 WL 6273942, at *3 (E.D.N.Y. Oct. 26, 2020) ("A letter is materially misleading if it explicitly misdirects consumers ... to the wrong address.") (internal citations omitted).

In a similar case involving the same plaintiff's firm Judge Cogan wisely observed:

> Cases like this – litigation over whether an innocuous debt collection letter is in technical compliance with the FDCPA – are far afield from the original intent behind the FDCPA, i.e. preventing "collection abuses such as use of obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to

7

> friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process." *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002) (internal quotation marks omitted). That is not what happened here at all. **Rather, this is a "lawyer's case," by which I mean that it alleges a defect of which only a sophisticated lawyer, not the least sophisticated consumer, would conceive.**

*Ocampo v. Client Servs., Inc.*, No. 18-CV-4326-BMC, 2019 WL 2881422, at *3 (E.D.N.Y. July 3, 2019) (emphasis added).

Here, the plaintiff seeks to use the FDCPA not as a shield against abusive tactics but as a sword against a debt collector who has conveyed a commonsense letter to an individual with an outstanding debt. As the complaint fails to state a plausible claim for relief it should be dismissed.

### III.

The defendant further moves for Rule 11 sanctions, as well as fees and costs pursuant to 28 U.S.C. § 1927 and 15 U.S.C. § 1692k(a)(3). Defendant's counsel points to the litigation in *Solovyova*, which involved the same defendant and law firms – Gordon & Rees LLP for the defendant and Barshay Sanders PLLC for the plaintiff. Defendant's counsel argues Judge Dearie's decision in *Solovyova*, combined with a docket entry in *Solovyova* suggesting that defendant's request for sanctions in that matter "offer[ed] a tempting option to th[e] Court" means that sanctions, fees and costs should be awarded in this case, which is substantially similar. Defendant's Memorandum in Support of Motion for Sanctions at 7, ECF

8

No. 25. The Court shares Judge Dearie's concerns. Although sanctions will not be imposed at this time, plaintiff's counsel is on notice that similar cases of this nature will undoubtedly result in the imposition of sanctions.

## CONCLUSION

Defendant's motion to dismiss for failure to state a claim is GRANTED. Defendant's motion for costs, fees, and Rule 11 sanctions is DENIED, but the law firm of Barshay Sanders, PLLC is hereby WARNED that frivolous litigation may lead to the imposition of sanctions in the future.

**SO ORDERED.**

    _/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
November 5, 2020